**Elvin BOOTH, Appellant (Defendant below),**

v.

**WESTERN RESERVE LIFE INSURANCE CO., Appellee (Defendant below),**

**Mike Mohr (Plaintiff below).**

**No. 3714.**

Supreme Court of Wyoming.

Nov. 29, 1968.

W. J. Nicholas, of Nicholas, Thomas & Nicholas, Lander, for appellant.

Robert Jerry Hand, Casper, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

PER CURIAM.

This is an appeal from an order requiring Booth to pay forty dollars to "partially defray the costs and attorney's fees incurred by * * * Western Reserve * * * in connection with * * * Booth's * * * failure to appear for the taking of his deposition on February 23, 1968 * * * pursuant to the Notice to Take Deposition," said order providing that it would become final and a judgment unless Booth secured an extension within six days. The order does not recite the basis for its issuance, but the appellee here contends that it was issued under the authority of Rule 37(d), W.R.C.P., which it urges has been interpreted by the Federal courts to permit the assessment of attorney's fees and costs in lieu of a dismissal or striking. The mentioned rule, even if it could be interpreted as appellee has suggested, provides for punishment only in the event that the failure to appear is willful. Since there was no record of hearing to determine whether there was a failure to appear and not even lip service to a declaring that any failure was willful, the court was wholly without authority in entering the order. Moreover, a review of the file discloses that Western Reserve gave Booth a Notice to Take Deposition on January 9, another for January 10, and still another for February 28. There was apparently some communication between counsel about the availability of Booth at the times required and the selection of a date which was mutually agreeable for the depositions, but there was less than definitude as to when Booth's deposition was to be taken. In any event, there is nothing in the file indicating that notice was given to Booth for a deposition to be taken on February 23, the date recited by the court as the time Booth failed to appear.

It follows that the court was without authority in the issuance of the order and the same must be reversed.

Reversed.